Younger, J.
The view which the majority of this court takes in this case makes it unnecessary to consider any of the assignments of error except assignment No. 2, which is that “the trial court erred in not discharging the defendant at the close of the evidence.”
The opinion of the Court of Appeals, written by Judge Skeel and concurred in by Judges Hunsicker and' Doyle, all sitting by assignment in the Seventh Appellate District, sets forth the elements necessary to make out the crime of embezzlement. These elements are stated as follows:
“1. The relationship of employer and employee must be established;
“2. The property embezzled (which was the property of the employer or another) came into the possession of such employee (the accused) by reason of such relationship;
“3. The accused (the employee), after coming lawfully into the possession of such property, embezzled or converted such property to his own use;
‘ ‘ 4. With intent to embezzle or steal the same. ’ ’
The opinion of the Court of Appeals states further:
“The element which is completely missing from the facts established is number two, that is, that the property embezzled came into the lawful possession of Tobin by reason of his employment. The facts on this question are likewise not in dispute. The employer of Tobin maintained a bank account in the National City Bank of Cleveland. The credit represented by this account was at all times the sole property of the American Automobile Insurance Company and in its possession. The fact that Tobin could draw some part of the funds to settle a particular case- with the consent of the employer-depositor, transferred no part of the account to Tobin. The fact is that when a draft was accepted by the payee, under the clear and *68 uncontroverted facts here presented, it was the intention of the parties to such transaction that the credit represented by the draft, if used as intended, was to become the property of the payee (claimant) when presented for payment. If the action of the payee (fraudulently designated) in accepting the draft was to procure the funds of his employer by fraud whereby the credit was, in fact, transferred to the control of the drawer, a trespass was clearly committed in acquiring possession of the amount of the draft by the drawer and the crime committed would be larceny by trick as defined by Section 2907.21, Revised Code, or obtaining money by false pretenses, as defined by Section 2911.01, Revised Code. In such case, each draft used * * * would constitute a separate crime.
“There is not a scintilla of evidence in this record that the taking of the insurance company’s funds by Tobin was accomplished in the course of Tobin’s authorized employment.”
With the above statement of the law, as applied to the facts as shown in this case, the majority of this court is in complete agreement.
Embezzlement is defined by Section 2907.34, Revised Code, as an act by which an “employee * * * shall embezzle or convert to his own use, fraudulently take or make away with, or secret with intent to embezzle or convert to his own use, anything of value which comes into his possession by virtue of his * * # employment.” Since, under the facts as shown by the record in this case, Tobin was not guilty of embezzlement, the defendant herein is not guilty of aiding and abetting such an alleged crime.
The part that Tobin’s employment by the insurance company played under the facts here presented was to enable him to steal his employer’s funds without immediate detection. One who commits a trespass in securing the possession of the property of his employer with intent to steal or convert the same to his own use commits larceny and not embezzlement. Tobin, having come into possession of these funds by illegal, fraudulent or unlawful means constituting a trespass, could not again convert the money already in his possession so as to commit an embezzlement. A thief cannot become an embezzler by using the property he possesses as a result of the theft, even though he was an employee of the owner of the stolen money.
*69 Por the foregoing reasons, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taut, Matthias and Bell, JJ., concur.
Herbert, J., not participating.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Younger, J., of the Third Appellate District, sitting by-designation in the place and stead of Zimmerman, J.